Brett T. Donaldson (SBN 021751)
Iman R. Soliman (SBN 021333)
**DONALDSON LAW PLC**
P.O. Box 2706
Carefree, Arizona  85377-2706
Telephone: (602) 354-8504
Brett@btdonaldsonlaw.com
Iman@btdonaldsonlaw.com
Minute Entries: admin@btdonaldsonlaw.com

Attorneys for Defendant Otis Elevator Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DAVONTE CHENAULT, | ) Case No. NO. 2:20-cv-01482-MTL |
| PLAINTIFF, | ) **DEFENDANT OTIS ELEVATOR** |
| V. | ) **COMPANY'S ANSWER TO PLAINTIFF'S** |
| | ) **FIRST AMENDED COMPLAINT** |
| 2020 CENTRAL SPE, LLC, A FOREIGN | ) |
| LIMITED LIABILITY COMPANY, ET AL., | ) |
| DEFENDANTS. | ) |
| | ) |

COMES NOW the Defendant Otis Elevator Company ("Otis" or "Defendant") for its answer to the First Amended Complaint of Plaintiff Davonte Chenault ("Chenault" or "Plaintiff"), denies each matter alleged against Otis except those matters specifically admitted or qualifiedly answered below, and hereby answers Plaintiff's First Amended Complaint as follows:

1.      Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

2.      Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

3.      In response to the allegations set forth in paragraph 3 of Plaintiff's First Amended Complaint, Otis admits that it is a New Jersey corporation, with its principal place

of business in Connecticut.  Otis admits that it is doing business in Maricopa County, Arizona.  Otis denies the remainder of the allegations set forth in paragraph 3.

4.      Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

5.      In response to the allegations in Paragraph 5 of Plaintiff's First Amended Complaint, Otis admits that Otis is contracted to provide certain maintenance to certain elevators at the 2020 N. Central Ave., Phoenix, Arizona building as enumerated in the elevator maintenance contract.

6.      In response to paragraph 6 of Plaintiff's First Amended Complaint, Otis admits, on present information and belief, that the allegations in Plaintiff's Complaint are based on alleged events that occurred in Maricopa County, Arizona.  Otis denies that it caused these alleged events to occur and denies liability to Plaintiff.

7.      Otis states that paragraph 7 of Plaintiff's First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

8.      Otis states that paragraph 8 of Plaintiff's First Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a response is required, Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

9.      The allegations in paragraph 9 to the First Amended Complaint do not appear to be directed at this Defendant.  In the event they are directed at this Defendant, Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

10.      Otis denies any duty to Plaintiff except those duties imposed by law and denies any liability to Plaintiff for the breach of any duty alleged in paragraph 10 of the First Amended Complaint.

11.     Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

12.     Otis lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint, and, therefore, denies the same.

13.     Otis admits that it is contracted to provide certain maintenance to certain elevators at the 2020 N. Central Ave., Phoenix, Arizona building, as enumerated in the elevator maintenance contract.   Otis denies the remainder of the allegations in paragraph 13 of the First Amended Complaint that are direct at Otis.

14.     Otis denies the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15.     Otis denies the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16.     Otis denies the allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17.     Otis denies the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18.     Otis denies the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19.     Otis denies the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20.     Otis denies the allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21.     Otis denies the allegations in paragraph 21 of Plaintiff's First Amended Complaint.

22.     Otis denies the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

23.     Otis denies the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24.     Otis denies the allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Otis lacks information sufficient to form a belief as to the truth of the allegation relating to Plaintiff's alleged damages but denies liability to Plaintiff. Otis also denies Plaintiff's prayer following paragraph 25 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

As and for its separate, distinct, and affirmative defenses to Plaintiff's First Amended Complaint, and to each cause of action therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

1.     Defendant states that the Plaintiff's First Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
**(Laches)**

2.     Defendant alleges that Plaintiff's claims are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
**(Contributory/Comparative Fault)**

3.     The negligence of persons or entities other than Otis, including but not limited to Plaintiff, may have caused or contributed to the injuries alleged in the First Amended Complaint, and any such negligence bars or reduces any recovery against Otis.

### FOURTH AFFIRMATIVE DEFENSE
**(Apportionment)**

4.     Otis's liability, if any, should be limited to its own fault. Consequently, pursuant to Arizona Revised Statutes section 12-2506 or other applicable law, the relative degrees of fault of all parties and nonparties, including plaintiff, must be determined and apportioned as a whole or at one time by the trier of fact.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

5.     Defendant states, on information and belief, that Plaintiff failed to mitigate his damages, if any, sustained as a result of the incident alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE
**(Assumption of Risk)**

6.     Defendant states on information and belief that Plaintiff knowingly and voluntarily assumed the primary risk of injury.

### SEVENTH AFFIRMATIVE DEFENSE
**(Superseding and Intervening Cause)**

7.     Defendant states, on information and belief, that any damages sustained by Plaintiff were a direct and proximate result of a superseding and intervening cause.

### EIGHT AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

8.     Defendant states that Plaintiff's claims are barred as to Otis by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE
**(Completed and Accepted Doctrine)**

9.     Defendant states that Plaintiff's claims are barred by the completed and accepted doctrine.

### TENTH AFFIRMATIVE DEFENSE
**(Unknown Defenses)**

10.     Otis expressly preserves and does not knowingly or intentionally waive any of the other affirmative defenses set forth in Rule 8 or Rule 12(b) of the Federal Rules of Civil Procedure or in Arizona Revised Statutes section 12-683, or pursuant to other applicable state or federal law that discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense. Otis affirmatively alleges that, after appropriate discovery, the following affirmative defenses may be applicable: failure to join a necessary and proper party, abatement, estoppel, waiver, release, payment, res judicata, violation of a statute, violation of a public policy, spoliation, statute of limitations, spoliation, and failure to comply with a statutory requirement. The extent to which Plaintiff's claims may be barred by one or

1    more of the foregoing affirmative defenses cannot be determined until Otis has had an
2    opportunity to complete discovery.

3    ### <u>**PRAYER FOR RELIEF**</u>

4    WHEREFORE, having fully answered, defendant Otis Elevator Company prays for
5    judgment as follows:

6        1.     That Plaintiff take nothing by the First Amended Complaint;

7        2.     For judgment in favor of Otis;

8        3.     For an award of costs incurred by Otis in this action;

9        4.     For such other and further relief as the Court deems proper.

10   ### <u>**DEMAND FOR TRIAL BY JURY**</u>

11   PLEASE TAKE NOTICE that Otis demands a trial by jury on all issues.

12   DATED this 23rd day of February, 2021.

13   DONALDSON LAW PLC

14   By: <u>/s/ Iman R. Soliman</u>

15   Iman R. Soliman
     Brett T. Donaldson

16   Attorneys For Otis Elevator Company

17
18
19
20
21
22
23
24
25
26
27
28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on February 23, 2021, I electornically transmitted the attached

3   document **Defendant Otis Elevator Company's Answer to Plaitniff's First Amended**

4   **Complaint** to the Clerk's office using the CM/ECF System for filing and transmittal of a

5   Notice of Electronic Filing to the folloiwng CM/ECF registrants:

6        James N. MacKinlay,
         WARNOCK MACKINLAY LAW PLLC
7        7135 East Camelback Road, Suite F-240
         Scottsdale, AZ 85251
8        Ph: 602-381-6669
         Fax: 602-381-6560
9        jmackinlay@warnocklaw.com
10

11       *Attorneys for Plaintiff*

12       Mark D. Zukowski,
         David C. Potts
13       JONES, SKELTON & HOCHULI, P.L.C.
         40 North Central Avenue, Suite 2700
14       Phoenix, Arizona  85004
         Telephone:  (602) 263-1700
15       Fax:  (602) 200-7841
         mzukowski@jshfirm.com
16       dpotts@jshfirm.com
17

18       *Attorneys for Defendant 2020 Central SPE, LLC*

19       /s/ Iman Soliman
20

21

22

23

24

25

26

27

28